**Dated: December 31, 2008**
**The following is ORDERED:**



Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

NOT FOR PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**Danny Joe Hodges**,   Case No. 04-70947
  Chapter 7

   Debtor.

## O R D E R

This matter came on for hearing before the Court on December 10, 2008, on the Trustee's Motion for Order Setting Deadline for Filing Tardy Claims Against Surplus (Docket Entry 86) and Objection filed by the Debtor (Docket Entry 89). Appearances were entered by Gerald R. Miller, Chapter 7 Trustee, James A. Conrady, attorney for the Debtor, and Katherine Vance, for the U. S. Trustee. After hearing the arguments of counsel and reviewing the applicable provisions of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, this Court does hereby enter its decision in this core proceeding.

The Court inquired as to whether the parties wished to present evidence but they declined, and the opportunity is therefore waived. The parties represented to the Court

that this matter does not require an evidentiary hearing but that resolution involves issues of law only.

Upon review of the case file, the Court notes that this case was originally reported as a no- asset case, and was therefore closed with Debtor receiving his discharge. It was later discovered that Debtor was the true owner of non-exempt real estate in Pittsburg County, Oklahoma, although he failed to properly list this property in his bankruptcy schedules. The case was reopened upon motion of the United States so that it could proceed to foreclose a tax lien on this real estate of the Debtor (Docket Entry 56). Upon the agreement of the parties, the Court also approved an order lifting the stay (Docket Entry 64). After the case was reopened, the Court Clerk sent out a notice to creditors informing them that assets had been recovered and setting a deadline for filing proof of claims (Docket Entry 71).

Nearly three years have elapsed since that notice and the Trustee's current motion. The Trustee has represented, and the Debtor has not disputed, that surplus funds will finally be available for the payment of most, if not all, of the scheduled debts. The Court believes that it is appropriate in this case to allow creditors the opportunity to file tardy claims, and therefore finds that it is in the best interest of the estate to grant the Trustee's Motion. There appears to be no prohibition against the filing of late claims. The Bankruptcy Code, in 11 U.S.C. § 726(a)(3), clearly contemplates that claims may be tardily filed, since that section specifically allows for payment of such allowed claims. *Perry v. First Citizens Federal Credit Union*, 304 B.R. 14 (D. Mass. 2004), *affirmed* 391 F.3d 282 (1st Cir. 2004); *In re Houser*, 242 B.R. 406 (Bankr. S.D. Ohio 1999). The Court further

finds that it would be beneficial to the administration of the estate for the Court to set a deadline for the filing of tardy claims.

IT IS THEREFORE ORDERED that the Trustee's Motion for Order Setting Deadline for Filing Tardy Claims Against Surplus is **granted**.

IT IS FURTHER ORDERED that creditors shall have thirty (30) days from the entry of this Order to file claims against the anticipated surplus funds in this bankruptcy estate.

The Court Clerk is directed to notify all creditors of the terms of this Order.

# # #

3